**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTAE PARRISH,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGHENY COUNTY HOUSING AUTHORITY and TIMOTHY BALLOU,<br><br>Defendants. | ) | 2:26-CV-38 |

**MEMORANDUM ORDER**

**J. Nicholas Ranjan, United States District Judge**

Before the Court is Defendants' Allegheny County Housing Authority and Timothy Ballou's Motion to Dismiss Plaintiff Dontae Parrish's Third Amended Complaint (ECF 32). Upon careful consideration, the Court grants Defendants' motion for the reasons stated here.

**FACTUAL BACKGROUND**

According to the Third Amended Complaint, Mr. Parrish resided at Truman Towers in Duquesne. ECF 31, ¶ 7. Mr. Parrish filed complaints with Allegheny County Housing Authority and the police about safety concerns, arguments with another resident, and habitability concerns. *Id.* ¶¶ 8–11. Then, on January 7, 2026, and unrelated to any of Mr. Parrish's prior complaints, Defendant Timothy Ballou, an ACHA police officer, responded to a complaint made by another resident against Mr. Parrish. *Id.* ¶ 12. While Officer Ballou was at Truman Towers, Mr. Parrish tried to make his own complaint about that same incident. *Id.* ¶ 13. Officer Ballou

allegedly refused to accept Mr. Parrish's complaint, accepted the allegations against Mr. Parrish, accused him of being a troublemaker, and issued summary citations to Mr. Parrish. *Id.* ¶¶ 14–17, 23.

But elsewhere on the docket, Mr. Parrish has shown the Court a slightly different story. When he filed his First Amended Complaint, Mr. Parrish attached the citations that Officer Ballou issued. *See* ECF 10-1, at 14–15. These citations state that Officer Ballou came to Truman Towers because the property manager called 911 *on Mr. Parrish*. *Id.* at 15. According to these citations, Mr. Parrish was screaming outside his neighbor's apartment and the manager's office at 1:00 a.m. Officer Ballou then issued Mr. Parrish citations for disorderly conduct and harassment.[1] *See id.* at 14–15.

Mr. Parrish now brings five claims against Defendants: (1) First Amendment Retaliation; (2) Violation of Fourteenth Amendment Procedural Due Process; (3) Lack of Probable Cause/Reckless Disregard for the Truth; (4) Malicious Initiation of Prosecution; and (5) a *Monell* claim.[2]

---

[1] The Court considers these citations in deciding Defendants' motion to dismiss. Courts may take judicial notice of documents "integral to or explicitly relied upon in the complaint" because there is no concern of lack of notice to the plaintiff. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Although Mr. Parrish chose not to attach these citations to his operative complaint, the TAC still references the citations, their accuracy is not in question, and it's clear that there is no notice concern here.

[2] The TAC doesn't specify which claims are against which Defendants. The Court presumes Counts 1 through 4 are against Officer Ballou and Count 5 is against ACHA.

## DISCUSSION & ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Any reasonable inferences should be considered in the light most favorable to the plaintiff. *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

### I. Mr. Parrish doesn't state a First Amendment retaliation claim.

To state a First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in constitutionally protected conduct, (2) there was retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) there was a causal link between the constitutionally protected conduct and the retaliatory action. *Conard v. Pa. State Police*, 902 F.3d 178, 183 (3d Cir. 2018). Additionally, when a retaliation claim is based on prosecution, a plaintiff must plead lack of probable cause. *Ferris v. Borough of Baldwin*, 247 F. Supp. 3d 671, 676 (W.D. Pa. 2017) (Hornak, J.).

Defendants argue that Mr. Parrish's claim fails on causation and probable cause. The Court agrees.

*First*, Mr. Parrish insufficiently pleads causation. At the pleading stage, a plaintiff must plead facts suggesting that his "constitutionally protected conduct was a substantial or motivating factor" for the retaliatory conduct. *Conard*, 902 F.3d at

184 (quoting *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016)). This can be done, for example, by pleading a suggestive timing between the protected conduct and the retaliation, or a pattern of antagonism. *Id.*

Mr. Parrish pleads no such facts. The theory seems to be that Officer Ballou refused to listen to Mr. Parrish and issued the citations because of Mr. Parrish's prior complaints to the police and ACHA. But the TAC only alleges that he made these complaints "[p]rior to January 7, 2026." ECF 31, ¶ 8. The Court cannot infer suggestive timing based on that. Nor does the TAC allege a pattern of retaliation—or any other facts—from which causation could be inferred.

*Second*, Mr. Parrish fails to plead any facts establishing a lack of probable cause. Rather, the citations themselves show the opposite. Officer Ballou came to Truman Towers responding to a 911 call that Mr. Parrish was screaming at a neighbor and the property manager at 1:00 a.m. This is sufficient to establish probable cause, particularly given that the TAC doesn't call into question the 911 call's reliability. *See McNeil v. City of Easton*, 694 F. Supp. 2d 375, 388–89 (E.D. Pa. 2010) (noting that "numerous courts have noted the reliability of anonymous emergency calls" and that 911 calls reporting an emergency are entitled to a high degree of reliability). Once Officer Ballou arrived at the scene, "[he] was not required to undertake an exhaustive investigation in order to validate probable cause that, in his mind, already existed." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 n.8 (3d Cir. 2000).

## II. Mr. Parrish doesn't state a procedural due-process claim.

Mr. Parrish's procedural due-process claim is based on Officer Ballou refusing to "accept [Mr. Parrish]'s complaint" when he arrived at Truman Towers. ECF 31, ¶ 39. But "the requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Mr. Parrish pleads no such interest, so his claim fails.

There is no support for Mr. Parrish's proposition that the Fourteenth Amendment protects an interest in having the police accept and investigate every spontaneous complaint. The Court declines to extend the due process clause so far.

Further, Mr. Parrish does not allege that the state-court proceedings following his citations were at all deficient. So, if those proceedings are the basis of his claim, the claim fails for that reason too.

## III. Mr. Parrish doesn't state a claim for lack of probable cause under any theory.

"Prosecution without probable cause is not, in and of itself, a constitutional tort." *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 568 (E.D. Pa. 2005) (quoting *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998)). But under any applicable theory, Mr. Parrish's claim would fail because he does not plausibly allege a lack of probable cause.

## IV. Mr. Parrish doesn't state a malicious-prosecution claim.

A malicious-prosecution claim can "be based on a constitutional provision other than the Fourth Amendment, including the procedural component of the Due Process

Clause, so long as it [is] not based on substantive due process." *Merkle*, 211 F.3d at 792. But to state a claim under any theory, a plaintiff must establish an underlying constitutional violation. *See Olasz v. Welsh*, 301 F. App'x 142, 144 (3d Cir. 2008) ("Thus, our caselaw clearly establishes that the analysis of a malicious prosecution claim arising under § 1983 must begin with a determination of whether a constitutional violation exists.").

Mr. Parrish's malicious-prosecution claim fails because he doesn't plead any underlying constitutional violation. There is no viable First Amendment or procedural due-process claim. And, to the extent that Mr. Parrish brings this claim based on a Fourth Amendment violation, the TAC doesn't include any facts indicating a "seizure," as required for this claim to proceed under the Fourth Amendment. *Brockington*, 354 F. Supp. 2d at 568.

**V. Mr. Parrish doesn't state a *Monell* claim.**

Mr. Parrish alleges that ACHA both had a policy violating his constitutional rights and failed to train Officer Ballou. But to state a Section 1983 claim under either theory, Mr. Parrish must establish a constitutional violation in the first place. He has not, and so his *Monell* claim fails.

Even assuming he had established a constitutional violation, Mr. Parrish's *Monell* claim would still be deficient. Mr. Parrish pleads "no facts to support the existence of any policy, custom, [] practice," or deficient training. *Phillips v. Northampton Cnty.*, 687 F. App'x 129, 132 (3d Cir. 2017). The TAC nakedly asserts that ACHA "failed to adequately train and supervise" its officers and "maintained

customs, practices, or policies that permitted constitutional violations to occur." ECF 31, ¶¶ 59–60. That doesn't suffice. *Phillips*, 687 F. App'x at 132.

**VI. Mr. Parrish's claims must be dismissed with prejudice.**

Because Mr. Parrish doesn't plausibly allege a constitutional violation or lack of probable cause, his claims fail. The Court must next consider whether Mr. Parrish should be granted an opportunity to amend. He should not.

Courts should generally permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). While the Court is mindful that Mr. Parrish is *pro se*, dismissal with prejudice is nonetheless warranted.

Although Mr. Parrish asks for leave to amend, he doesn't explain how he would cure his claims' issues even given the chance. ECF 35, at 11. Nor could he; the deficiencies in Mr. Parrish's claims are legal in nature. No matter which facts Mr. Parrish adds or omits, he cannot plausibly plead that Officer Ballou lacked probable cause or that his actions violated any of Mr. Parrish's constitutional rights. So, amendment would be futile.

Additionally, Mr. Parrish has already taken advantage of multiple opportunities to amend. And, rather than add more facts, Mr. Parrish chose to strip his claims down and omit critical details already known to him. *Compare* ECF 10 *with* ECF 31. For example, Mr. Parrish knew that he was involved in the "complaint involving another resident" that brought Officer Ballou to Truman Towers. ECF 31, ¶ 12; ECF 10, at 1. Yet he omitted this detail from the TAC. Nothing suggests that

Mr. Parrish will state a plausible claim supported by facts if given leave to amend. It would be inequitable to give him another shot to rejigger the facts.

For these reasons, and despite Mr. Parrish's *pro se* status, granting leave to amend here would be inequitable and futile, so the Court declines to do so.

*******

For these reasons, it is hereby **ORDERED** that Defendants' motion to dismiss (ECF 32) is **GRANTED**, and Mr. Parrish's third amended complaint (ECF 31) is **DISMISSED with prejudice**. The Clerk of Court shall mark this case as **CLOSED**.

DATED this 9th day of October, 2026

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Dontae Parrish
741 1/2 Proctor Way
Pittsburgh, PA 15210